UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAHMANH KEITH SHAW,

        Petitioner,

Case No. 2:20-cv-10666

HONORABLE STEPHEN J. MURPHY, III

v.

RANDEE REWERTS,

        Respondent.

_____/

**OPINION AND ORDER GRANTING
PETITIONER'S REQUEST FOR A STAY [1]
AND CLOSING THE CASE FOR ADMINISTRATIVE PURPOSES**

On March 11, 2020, Petitioner Rahmanh Keith Shaw, a Michigan prisoner incarcerated at the Carson City Correctional Facility in Carson City, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. The petition includes a request for a stay while Petitioner pursues state remedies for claims that were not raised, or were improperly raised, in state court. *Id.* at 9. For the following reasons, the Court will grant the request for a stay and will administratively close the case while Petitioner exhausts his state remedies.

## BACKGROUND

The habeas petition and exhibits indicated that, on May 16, 2016, Petitioner pleaded guilty in Livingston County Circuit Court to the following offenses: three counts of using a computer to commit a crime, in violation of Mich. Comp. Laws § 752.796, three counts of identity theft, in violation of Mich. Comp. Laws § 445.67, one count of receiving and concealing stolen property valued at more than $1,000, but

1

less than $20,000, in violation of Mich. Comp. Laws § 750.535(3)(a), and one count of organized retail crime, in violation of Mich. Comp. Laws § 752.1084. ECF 1, PgID 2. Petitioner subsequently moved to withdraw his guilty plea, but on September 16, 2016, the trial court denied his motion and sentenced him to eight to thirty years in prison. *Id.* at 2, 4.

In an application for leave to appeal, Petitioner argued, through counsel, that the trial court erred by (1) denying his motion to withdraw his guilty plea and (2) incorrectly scoring two offense variables of the Michigan sentencing guidelines. *Id.* at 5. Petitioner also argued, in a pro se application for leave to appeal, that: (1) an officer relied on racial profiling when investigating the case; (2) trial counsel was ineffective for advising him to lie under oath to obtain a plea agreement and for failing to mount a defense that there was insufficient evidence to support the charge of using a computer to commit a crime; and (3) there was insufficient evidence to convict him of using a computer to commit a crime because no such crimes were committed in Livingston County. *Id.* at 6–7. The Michigan Court of Appeals granted Petitioner leave to appeal only the sentencing guidelines issue. *See id.* at 7 (quoting the April 21, 2017, Michigan Court of Appeals order). In a subsequent order, the Michigan Court of Appeals affirmed Petitioner's convictions and sentence. *See People v. Shaw*, No. 337313, 2018 WL 3074315 (Mich. Ct. App. June 21, 2018). Although the Court of Appeals noted that Petitioner's pro se claims were outside the scope of the appeal, the court nevertheless addressed the claims and found that they lacked merit. *See id.* at *3–4.

Petitioner again raised his claims in an application for leave to appeal the Michigan Court of Appeals decision to the Michigan Supreme Court. ECF 1, PgID 8. On December 21, 2018, the Michigan Supreme Court denied leave to appeal. *See People v. Shaw*, 503 Mich. 932 (2018).

On March 11, 2020, Petitioner filed his habeas corpus petition through counsel. ECF 1. He argued that: (1) an officer engaged in racial profiling during the investigation of the crimes; (2) his trial attorney provided ineffective assistance by (a) encouraging him to lie and say that his use of a computer to commit a crime was committed in Livingston County, (b) failing to allege that Petitioner's plea was involuntary due to counsel's own ineffectiveness, and (c) failing to inform Petitioner that he would waive a Fourth Amendment claim by pleading guilty; and (3) his appellate counsel was ineffective for failing to raise Petitioner's pro se issues on appeal and for not providing Petitioner with clerical help and procedural advice for his pro se application for leave to appeal. *Id.* at 10–13.

## LEGAL STANDARD

The exhaustion doctrine requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[ed] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State[.]" *O'Sullivan*, 526 U.S. at 845, 847. To properly exhaust state remedies, a prisoner must fairly present the

3

factual and legal basis for each of his claims to the state courts before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009).

A federal district court normally must dismiss a "mixed" petition, that is, one containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982). But because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a one-year statute of limitations for habeas petitioners, the Supreme Court approved a stay-and-abeyance procedure for a limited class of habeas petitions, which permits the Court to hold a habeas petition in abeyance while the petitioner returns to state court to pursue state-court remedies for previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275–78 (2005). "Once the petitioner exhausts his state remedies, the [Court may] lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275–76. This stay-and-abeyance procedure normally is available only when (1) the petitioner had good cause for the failure to exhaust his state remedies first in state court, (2) the unexhausted claims are potentially meritorious, and (3) the petitioner is not engaged in intentionally dilatory litigation tactics. *Id.* at 277–78. If the prisoner satisfies those conditions, the Court should stay the petition. *Id.* at 278.

## DISCUSSION

Here, Petitioner sought a stay so that he could pursue some of the pro se claims that he presented to the state courts because the Michigan Court of Appeals stated on appeal that his pro se claims were not properly before the Court. ECF 1, PgID

4

7–9. Petitioner alleged that, in an abundance of caution, he should return to state court and re-raise those issues and possibly other issues. *Id.* at 9.

It appears that Petitioner did not raise all his sub-claims about trial counsel or his claim about appellate counsel in the Michigan Court of Appeals or in the Michigan Supreme Court. But a dismissal of the habeas petition while Petitioner pursues state remedies for his unexhausted claims could result in a subsequent petition being barred by AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

And Petitioner alleged that his appellate attorney was ineffective for failing to raise his pro se claims on direct appeal, which, in conjunction with the substance of the claims, established good cause for his failure to exhaust. *See, e.g.*, *Wright v. Trombley*, No. 07-CV-10965, 2007 WL 4181316, at *3 (E.D. Mich. Nov. 27, 2007). Further, his unexhausted claims are potentially meritorious, and he is not engaged in dilatory litigation tactics. The Court will therefore grant Petitioner's request for a stay while he exhausts his state-court remedies. Nothing in this order shall be construed as an adjudication of Petitioner's claims. The Court also declines to determine whether any of Petitioner's claims will be barred from substantive review if and when he returns to federal court following his pursuit of additional state-court remedies.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's request to stay the case and to hold his habeas petition in abeyance [1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall **RETURN** to state court within **SIXTY DAYS** of this order if he has not already done so.

**IT IS FURTHER ORDERED** that if Petitioner is unsuccessful in state court, he must **FILE** an amended habeas corpus petition and a motion to reopen the case within **SIXTY DAYS** of exhausting state remedies.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **STAY** and **ADMINISTRATIVELY CLOSE** the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 22, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 22, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager